IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-9-1H
NO. 5:13-CV-81-H

MELVIN EARL BATTLE,  )
                     )
    Petitioner,      )
                     )
    v.               )      **ORDER**
                     )
UNITED STATES OF AMERICA,  )
                     )
    Respondent.      )

    This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. At the request of petitioner, the court stayed ruling on this motion after the Fourth Circuit voted to allow en banc rehearing of its decision in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). The en banc matter having been heard and decided, see Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014) (en banc), rev'g, 746 F.3d 541 (4th Cir. 2014), the stay in this matter is hereby lifted.

    On March 4, 2010, petitioner pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with the intent to distribute fifty grams or more of cocaine base. [DE #20]. On August 8, 2010, this court sentenced petitioner to a term of imprisonment of 188 months. Petitioner appealed, and the Fourth Circuit granted the

government's motion to dismiss on November 18, 2011. On December 19, 2011, petitioner filed a motion to vacate pursuant to § 2255. Following briefing on the motion petitioner moved to withdraw his motion on November 16, 2012. On December 13, 2012, following a sealed hearing, this court amended the judgment, sentencing petitioner a term of imprisonment of 120 months. On January 3, 2013, this court granted petitioner's motion to withdraw his § 2255 petition without prejudice. On February 1, 2013, petitioner filed a second motion to vacate, making two claims: (1) that the Assistant United States Attorney required him to withdraw his original motion in order for him to receive credit for substantial assistance under Rule 35 and (2) that his counsel was ineffective by advising him to withdraw his original § 2255 motion.

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and

2

it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

There is no evidence presented to show either that counsel's performance was in any way deficient or prosecutorial misconduct. At best, petitioner alleges that in exchange for the filing of a Rule 35 motion (which was in the government's discretion to file or not to file), counsel advised petitioner to withdraw his § 2255 motion. The motion was allowed to be withdrawn without prejudice. Petitioner was allowed to refile his current motion. Petitioner received the benefit of a substantial sentence reduction both at sentencing pursuant to a U.S.S.G. § 5k1.1 motion and at the time of the amended judgment. Petitioner has shown no harm from the withdrawal of his § 2255 motion. His final amended sentence of 120 months was the statutory minimum for the count of conviction.

Finally, the court notes that under Fourth Circuit case law, potential errors in career offender designation are not cognizable on collateral review. Therefore, petitioner's

designation as a career offender is not reviewable on a § 2255 motion. United States v. Foote, 784 F.3d 931, 932-33 (4th Cir. 2015).

## CONCLUSION

For the foregoing reasons, the stay in this matter is LIFTED, the government's motion to dismiss is GRANTED, and petitioner's motion to vacate is DISMISSED. A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This FÏ\åÁday of November 2015.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26